**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 14, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10211
Summary Calendar
_____

EDWARD JAMES CALHOUN,

Plaintiff-Appellant,

versus

CLYDE HARGROVE; MARK ATKINS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:99-CV-00219
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Edward James Calhoun, Jr., Texas prisoner # 680175, appeals from an order granting summary judgment to defendants in his 42 U.S.C. § 1983 complaint. This is Calhoun's second appearance before this court. In his first appeal from the district court's FED. R. CIV. P. 12(b)(6) dismissal, we held that Calhoun's claims that he was verbally abused and harassed and forced to beg for food on one occasion failed to allege a physical injury as

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

required by 42 U.S.C. § 1997e(e) and were not actionable as Eighth Amendment violations under 42 U.S.C. § 1983. We remanded, however, for the court to conduct an evidentiary hearing on Calhoun's claim that Hargrove violated his Eighth Amendment right to be free from cruel and unusual punishment by forcing him to work beyond his medical restrictions, thereby causing him to have dangerously elevated blood pressure readings on June 24, 1999. We directed the court to consider whether this incident had caused any physical injury to Calhoun. See Calhoun v. Hargrove, 312 F.3d 730, 734-35 (5th Cir. 2002).

Calhoun now argues that the magistrate judge erroneously granted Hargrove summary judgment without considering his entire medical record and without appointing him counsel. Our review of the record shows that the magistrate judge did not err in concluding that there was no showing of physical injury to Calhoun and properly granted summary judgment. See 42 U.S.C. § 1997e(e); Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001). We also conclude that the magistrate judge did not abuse his discretion by not appointing counsel for Calhoun. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986); Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

Calhoun argues that the magistrate judge failed to notice that his complaint also requested injunctive relief and that a physical injury is not required for such a claim. We have already determined that Calhoun's claims for verbal abuse and

harassment are not actionable under the Eighth Amendment. <u>See</u> <u>Calhoun</u>, 312 F.3d at 734. Further, injunctive relief in connection with Calhoun's claim that he was forced to work beyond his medical restrictions is moot because he asserted that he has been relieved of all job duties. <u>Cf.</u> <u>Herman</u>, 238 F.3d at 665 (claims for declaratory and injunctive relief following alleged exposure to asbestos rendered moot by prisoner's transfer to another correctional facility).

AFFIRMED.