United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20123
Summary Calendar
_____

DONALD JAMES ATKINSON,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-4401
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Donald James Atkinson, Texas state prisoner # 692017,
appeals the summary-judgment dismissal of his 42 U.S.C. § 1983
civil rights action seeking damages and declaratory and injunctive
relief.  We AFFIRM.

    Atkinson contends that he is entitled to relief as a result
of being deprived of adequate sleep by implementation of Texas
Department of Criminal Justice, Institutional Division's (TDCJ)
security policy SM-06.03, issued by appellee Johnson.  This

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

policy requires opening and closing of cell doors so that, Atkinson asserts, it is impossible for him to get enough uninterrupted sleep nightly in order to maintain his health.

The district court held that Atkinson is not entitled to collect monetary damages from Johnson because Atkinson does not assert that he has sustained any physical injury from deprivation of sleep resulting from the implementation of SM-06.03.  We perceive no error in this ruling.  See 42 U.S.C. § 1997e(e); Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001).

Concerning Atkinson's claims for declaratory and injunctive relief, "the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement.'"  Herman, 238 F.3d at 664.  This court has stated that "sleep undoubtedly counts as one of life's basic needs.  Conditions designed to prevent [prisoners'] sleep, then, might violate the Eighth Amendment."  Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999).

"In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish: first, that the deprivation alleged was sufficiently serious. . .; and second, that the prison official possessed a sufficiently culpable state of mind."  Herman, 238 F.3d at 664.  The inmate must prove "that the official acted with deliberate indifference to inmate health or safety."  Id.  To establish deliberate indifference, the inmate must show "that the defendant officials

'(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.'" Id. (quoting Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998)).

An inmate may obtain injunctive relief if he shows that it is necessary in order "to prevent a substantial risk of serious injury from ripening into actual harm." Farmer v. Brennan, 500 U.S. 825, 845 (1994). To avoid summary judgment, however, "he must come forward with evidence . . . that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so." Id. at 845-46. "[F]inally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." Id.

Atkinson presented no summary-judgment evidence to the trial court that Johnson issued or authorized the implementation of SM-06.03 with reckless disregard of the risk that Atkinson would suffer serious harm to his health from sleep deprivation. Specifically, Atkinson offered no evidence to controvert an official's affidavit stating that the purpose of SM-06.03 is to reduce inmate altercations and thefts. Atkinson also failed to show that any substantial risk of harm to him resulting from

implementation of the policy was obvious.  See Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  Accordingly, the district court did not err by granting summary judgment to Johnson.

AFFIRMED.