Revised February 2, 2001

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 99-30863**

---

**JOHNNY RAY HERMAN,**

**Plaintiff-Appellant,**

**VERSUS**

**LEROY HOLIDAY; RICHARD STALDER; POLICE JURY EAST CARROLL
PARISH; DETENTION CENTER EAST CARROLL PARISH; JACK WYLY;
INSURANCE LIABILITY CARRIERS; W. L. PAYNE; EARL K. FORTENBERRY;
BILLY TRAVIS; GEORGE HOPKINS; BROWN F. NELSON; JOSEPH JACKSON;
DARRIN DIXON; CLIFTON SCOTT; BOBBY L. MOORE,**

**Defendants-Appellees.**

---

Appeal from the United States District Court
for the Western District of Louisiana

---

January 16, 2001

Before JONES and DeMOSS, Circuit Judges, and BARZILAY[*], District
Judge.

DeMOSS, Circuit Judge:

Johnny Ray Herman ("Herman"), proceeding *pro se* and *in forma
pauperis*, appeals from a final judgment entered by the district

---

[*] Judge, United States Court of International Trade, sitting by
designation.

court, Judge Robert G. James presiding, which granted summary judgment to the defendants, East Carroll Detention Center warden Leroy Holiday et al. (collectively "the defendants"), with respect to Herman's 42 U.S.C. § 1983 claim that the defendants subjected him to various unconstitutional conditions of confinement at the East Carroll Detention Center ("ECDC") all of which violated his Eighth Amendment right to be free from cruel and unusual punishment. The district court, following consideration of a report and recommendation from a magistrate judge and all of the objections timely filed thereto, granted the defendants' motions for summary judgment, concluding that Herman was not entitled to declaratory or injunctive relief because he was no longer incarcerated at ECDC and that Herman's complaint did not otherwise state a compensable claim because he alleged only psychological, not physical, injuries. The district court reasoned that pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), a prisoner may not bring a claim for mental or emotional injuries suffered while in custody absent a prior showing of physical injury.

Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing on the issues in this appeal, we AFFIRM the judgment of this district court.

## BACKGROUND

Beginning on or about June 18, 1997, Johnny Ray Herman was incarcerated for a period of approximately two months at the East Carroll Detention Center in East Carroll Parish, Louisiana.[1] Herman alleges that, while he was incarcerated at ECDC, the facility was mosquito infested, had insufficient hot water with which to wash dishes or bathe, did not properly sanitize eating utensils (some of which were allegedly washed in large trash cans without soap), served cold food which had been prepared elsewhere and transported in coolers, contained an open cesspool near the residence areas of the facility, failed to provide adequate loaner clothing on laundry days, and was contaminated with asbestos to which inmates were routinely exposed.

Herman filed his verified civil rights complaint pursuant to 42 U.S.C. § 1983 on October 14, 1997, and his complaint was twice amended on June 26, 1998, and December 23, 1998, respectively. Herman named the following individuals and entities as defendants: the ECDC; Leroy Holiday (the warden of the ECDC); Richard Stalder (secretary of the Department of Corrections); Jack Wyly (former co-owner of the ECDC facility); the East Carroll Parish Police Jury; and individual police jurors W.L. Payne, Earl Fortenberry, Billy Travis, George Hopkins, Brown F. Nelson, Joseph Jackson, Darrin Dixon, Clifton Scott, and Bobby L. Moore. Herman sought relief in the form of an injunction, a declaratory judgment, and monetary

---

[1] Herman is currently incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.

3

damages.  Herman alleges damages resulting from mental stress due to being subjected to allegedly life-threatening conditions and the possibility of illness.

Herman first filed a motion for summary judgment unsupported by any summary judgment evidence, and the defendants subsequently filed their own cross-motions for summary judgment.  On referral, federal Magistrate Judge James D. Kirk reviewed the cross-motions for summary judgment, and on June 1, 1999, entered a report and recommendation that the defendants' motions for summary judgment be granted.  Without deciding whether Herman had asserted a valid Eighth Amendment claim, the magistrate judge recommended dismissal because Herman had failed to state a compensable claim.  First, the magistrate judge concluded that in light of Herman's transfer from the ECDC, his claims for declaratory and injunctive relief were moot.  Additionally, the magistrate judge concluded that in his complaint, Herman alleged only psychological damages, some of which related to his alleged increased risk of future injury from exposure to asbestos.  The magistrate judge concluded that the Prison Litigation Reform Act, partly codified at 42 U.S.C. § 1997e(e), bars recovery for emotional or mental damages absent a showing of physical injury, which was lacking in this case.  The district court adopted the report and recommendation and entered a final judgment overruling Herman's objections thereto.  Herman has timely appealed.

## STANDARDS FOR REVIEW

In this appeal, Herman contends that the district court erred in granting the defendants' motions for summary judgment. We are guided by the following standards for review of the district court's award of summary judgment. We review the grant of summary judgment *de novo*, applying all of the same standards applicable in the district court. *See* **Sherrod v. American Airlines, Inc.**, 132 F.3d 1112, 1119 (5th Cir. 1998). And we review the summary judgment evidence in the light most favorable to the non-moving party, in this case, Herman. *See* **Melton v. Teachers Ins. & Annuity Ass'n,** 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate only if

> . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

**Fed.R.Civ.P. 56(c)**.

## DISCUSSION

Our inquiry into whether the district court erred in granting the defendants summary judgment must proceed in two steps. First we must determine whether Herman has stated or alleged an Eighth Amendment violation. Second, assuming he has, we must determine whether, in light of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), he is entitled to any relief.

5

**Eighth Amendment Claim**

While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded "humane conditions of confinement" and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 114 S. Ct. 1970, 1976 (1994). In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish: first, that the deprivation alleged was sufficiently serious (i.e., an official's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities"); and second, that the prison official possessed a sufficiently culpable state of mind. *See* *id.* at 1977. The required state of mind for cases related to prison conditions is that the official acted with deliberate indifference to inmate health or safety. *See* *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). Deliberate indifference is established by showing that the defendant officials "(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

With respect to Herman's allegation that he was exposed to

carcinogenic asbestos particles while housed at the ECDC, we note that the Supreme Court has held that the Eighth Amendment does protect prisoners from deliberate indifference by prison officials as to conditions which pose an unreasonable risk of damage to an inmate's future health. In *Helling v. McKinney*, 113 S. Ct. 2475, 2480-81 (1993), the Court held that an inmate may obtain injunctive relief under § 1983 based on exposure to environmental tobacco smoke in the absence of a present physical injury. But such relief is conditioned upon a showing that the inmate was exposed to unreasonably high levels of environmental toxins. *See id.* The risk must be of such a level that today's society would not tolerate it. *See id.* at 2482. Indeed, in *Whitley v. Hunt*, 158 F.3d 882, 884-85 (5th Cir. 1998), we recognized that a prisoner's claim for damages based on involuntary exposure to environmental tobacco smoke, which endangered present and future health, was not frivolous.

In this case, there remain genuine issues of fact with respect to whether Herman was exposed to levels of asbestos sufficient to pose an unreasonable risk of serious damage to his future health, and with respect to whether the ECDC officials were deliberately indifferent to the risk of potential future injury from such exposure. This being said, however, summary judgment may still be appropriate for the defendants if Herman would not be entitled to any relief as a matter of law.

## Injunctive and Declaratory Relief

In *Helling*, the Supreme Court clearly established that, even in the absence of any present physical injury resulting from involuntary exposure to environmental conditions posing a serious health risk, under § 1983, an inmate may obtain injunctive relief against continued exposure. *See Helling*, 113 S. Ct. at 2481 (stating that "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them."). The prohibitive feature of § 1997e(e), requiring physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

In this case, however, we have no doubt that the district court properly concluded Herman was not entitled to either declaratory or injunctive relief, even if he were able to establish that he was exposed to asbestos during his custodial incarceration in violation of the Eighth Amendment. Herman's incarceration at the ECDC was for a short period of time. Herman's transfer from the ECDC to the Dixon Correctional Institute in Jackson, Louisiana, rendered his claims for declaratory and injunctive relief moot. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). And any suggestion of relief based on the

8

possibility of transfer back to the ECDC is too speculative to warrant relief. *See **Bailey v. Southerland***, 821 F.2d 277, 279 (5th Cir. 1987). Thus, we conclude that the defendants are entitled to summary judgment on Herman's claims for declaratory and injunctive relief.

**Damages**

In his second amended complaint, Herman sought, in addition to injunctive and declaratory relief, money damages for "emotional distress and mental anguish for fear of the unknown disease, such as the deadly asbistos [sic]." In his first amended complaint, Herman sought recovery of money damages for "mental stress, due to the fear of his life of being subjected to life threatening, possible illness of these unconstitutional condictions of living and eating and sleeping while being housed at [ECDC]." And in his brief before this Court, Herman claims that the defendants' deliberate indifference "has caused grave emotional and mental depression." Herman also claims "physical health problems" but at no point in his pleadings, proofs, or briefings, does he specify any physical injury.

As the district court correctly noted, under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), Herman may not recover for emotional or mental damages without a showing of a specific physical injury. Specifically, § 1997e(e) provides that

> No federal civil action may be brought by a
> prisoner . . . for mental or emotional injury

9

> suffered while in custody without a prior
> showing of physical injury.

42 U.S.C. § 1997e(e). No adequate showing of a physical injury has been made in this case which would permit recovery of either emotional or mental damages. In **Harper**, we specifically held that if the plaintiff fails to show a physical injury, § 1997e(e) bars recovery for mental and emotional damages. *See **Harper***, 174 F.3d at 719. Indeed, in a nearly identical factual scenario, we held that § 1997e(e) bars claims for mental and emotional damages caused by the fear that one's exposure to asbestos may result in the development of an asbestos-related disease. *See **Bernard v. Tong***, No. 98-11082, slip op. at 2-3 (5th Cir. Aug. 9, 1999)(unpublished). Thus, we conclude that as a matter of law, Herman is not entitled to money damages for physical injury as he has failed to allege such an injury, and as a result of failing to so allege, pursuant to § 1997e(e) and our own precedent, Herman is likewise not entitled to money damages for the mental and emotional stress, which knowledge of an increased risk of possible future asbestos-related illnesses may have caused.

To the extent that Herman's various complaints can be read as alleging a claim of damages for the actual increased risk of developing an asbestos-related injury as a result of his very brief exposure to asbestos at the ECDC, we decline to characterize such allegations as sufficiently separate from his claim for emotional and mental damages so as to constitute an independent category of

non-emotional or non-mental damages, the recovery of which, § 1997e(e) would not prohibit. While we note that in his original complaint, Herman avers that he was placed in a facility "exposing the inmates to asbestos," and that in his first amended complaint he avers to "being exposed to (asbestos), which has exposed the plaintiff to a dangerious [sic] dieases [sic]," nowhere in his complaint or proofs does Herman allege that he is seeking compensation for the "actual increased risk" of contracting an asbestos-related disease. Rather, in every claim for damages, Herman refers only to the "great and mental stress, due to the fear of his life . . . being subjected to life threating [sic], possible illness" and the "grave and emotional and mental depression." His claims for monetary damages can only be described as for mental and emotional damages, which as discussed above, he is not entitled to recover in the absence of a prior showing of physical injury under § 1997e(e). We, therefore, reject the contention that by simply referring to his "exposure to dangerous diseases" Herman has transformed his claim for mental and emotional damages related to his fear of contracting a future illness into an independent category of damages for the value of the actual increased risk that he may contract such a future illness, which separate category of damages would not be barred by § 1997e(e). Simply put, we conclude that even if Herman were able to establish that he was exposed to asbestos during his custodial incarceration in violation of the Eighth Amendment, Herman has failed to allege any category of

11

monetary damages for which he is entitled to recover due to the bar to such recovery mandated by § 1997e(e).

Before concluding, we pause to note that with respect to each of Herman's other claims for relief (i.e., cold showers, cold food, unsanitary dishes, insect problems, a lack of adequate clothing, and the presence of an open "cesspool" near the housing unit), Herman has sought only damages for the emotional and mental injuries caused by such conditions. We conclude that Herman is not entitled to an award of money damages as to these claims for the same reasons he is not entitled to recover money damages for exposure to asbestos at the ECDC (that is, failure to allege a physical injury resulting therefrom). Likewise, for the same reasons Herman's claims for injunctive and declaratory relief regarding his exposure to asbestos must fail (i.e., mootness in light of his transfer to the Dixon Correctional Institute), we also conclude that Herman is not entitled to injunctive or declaratory relief on these additional claims.

## CONCLUSION

For all of the reasons discussed above, we conclude that the various defendants were entitled to judgment as a matter of law on each and every claim asserted by Herman. Accordingly, we AFFIRM the judgment of the district court granting summary judgment to the defendants.

**AFFIRMED.**

12