IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 01-40316
Summary Calendar

———————————————

MELVIN RAY WHITE,

Plaintiff-Appellant,

versus

RICKY ELLEDRIDGE, Correctional Officer III; GARY L. JOHNSON,
Director, Texas Department of Criminal Justice,
Institutional Division,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
For the Eastern District of Texas
(6:00-CV-729)

———————————————

August 22, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Melvin Ray White, Texas inmate #582778, appeals from the district court's dismissal of his civil rights complaint. The court dismissed White's complaint as frivolous and for failure to state a claim.[1]

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See 28 U.S.C. § 1915(e)(2)(B)(i), (ii) (2001).

We find no error in the court's actions. Although White alleged that he was verbally abused by Elledridge, verbal abuse by a prison official is insufficient to state a section 1983 claim.[2] Moreover, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."[3] Consequently, Elledridge's alleged pushing and shoving of White does not implicate the Eight Amendment.[4]

White's assertion of emotional harm also does not support a section 1983 claim. Allegations of mental stress do not support a section 1983 claim without a prior showing of physical injury.[5] White has made no such showing.

Finally, Elledridge's alleged conduct does not create the risk of imminent future danger sufficient to generate section 1983 liability. In the absence of present physical injury, an inmate may obtain injunctive relief under section 1983 against "sufficiently imminent dangers" that are likely to cause harm in the "next week

---

[2] *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

[3] *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal quotations and citations omitted).

[4] *See id.*

[5] *See Siglar*, 112 F.3d at 193-94.

2

or month or year."[6] White alleges that Elledridge shoved him in a hallway, pushed him as he exited a barbershop, confiscated his shower bag, and verbally abused him. These allegations do not support a section 1983 claim based on imminent harm.[7]

We conclude that the district court did not err in dismissing the complaint for failure to state a claim. Nor do we find that the court abused its discretion in dismissing the complaint as frivolous.[8] The district court's judgment is therefore AFFIRMED.

Moreover, White is hereby informed that the district court's dismissal of this action as frivolous counts as a strike for purposes of § 1915(g). We caution White that once he accumulates three strikes, he may not proceed IFP either in any civil action or in any appeal of a civil action which is filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.[9]

JUDGMENT AFFIRMED; THREE-STRIKES WARNING ISSUED.

---

[6] *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); *see also Herman v. Holiday*, 238 F.3d 660, 664-65 (5th Cir. 2001).

[7] *See Helling*, 509 U.S. at 32-35.

[8] *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); *Siglar*, 112 F.3d at 193-94.

[9] *See* 28 U.S.C. § 1915(g) (2001).

3