IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60361
Conference Calendar
_____


RANDY GENE WIGGINS,

Plaintiff-Appellant,

versus

CHERYL SERIO, DR.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-407-BN
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Randy Gene Wiggins, Mississippi prisoner # 65084, appeals
the district court's dismissal of his 42 U.S.C. § 1983 action.
Wiggins argues that Dr. Serio denied him adequate dental care for
a broken tooth; he suffered severe pain for seven days; and the
Tylenol and Ibuprofen that he was given did not relieve his pain.
Wiggins has not shown that Dr. Serio deliberately refused to
treat him or ignored his complaints and that he suffered injuries
as a result.  See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.
1985).  Wiggins acknowledged that he received dental care for his

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

broken tooth. Although Wiggins had to wait seven days, he acknowledged that he received pain medication to relieve the pain caused by his broken tooth during this period. Absent any evidence of physical injury, Wiggins is not entitled to damages. See Herman v. Holiday, 238 F.3d 660, 666 (5th Cir. 2001).

The district court held in the alternative that Wiggins' action should be dismissed because he had failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e. Wiggins concedes that he dropped his administrative complaint at the first step because he had finally received dental care. Section 1997e clearly requires a state prisoner to exhaust available administrative remedies before filing a § 1983 action and precludes him from filing an action while the administrative complaint is pending. See Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998). Williams was required to exhaust any available administrative remedies irrespective of the forms of relief sought and offered through administrative sources. See Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Because Wiggins failed to exhaust available administrative remedies, the district court did not err in dismissing this action pursuant to § 1997e.

AFFIRMED.