United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40785
Summary Calendar
_____

KENNETH EARL NEAL

                    Plaintiff - Appellant

     v.

WELDON LUCAS, FNU FLEMING, Chief Deputy,
JOE MITCHELL

                    Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CV-165
--------------------

Before KING, Chief Judge, and JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

     Kenneth Earl Neal, Texas prisoner #1180225, appeals the
district court's *sua sponte* dismissal of his civil rights action
pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Neal sought
declaratory, injunctive, and monetary relief, both compensatory
and punitive, pursuant to 42 U.S.C. § 1983 for alleged violations
of his constitutional rights and the Religious Land Use and

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Institutionalized Persons Act (RLUIPA) of 2000, 42 U.S.C. § 2000cc-1 et seq. He argues that the prison denied him access to the following religious publications: The United States and Britain in Bible Prophecy; Judah's Sceptre and Joseph's Birthright; God's Covenant People; The Lost Chapter of Acts of the Apostles; God's Law; Heirs of the Promise; The Restitution of All Things; The Iron Curtain over America; Eve: Did She or Didn't She?; The Abrahamic Covenant; Standing on the Shoulders of Giants; Mark of the Beast, Part One; Mark of the Beast, Part Two; Spiritual Israel; The Sacred Names of God; Could You be an Israelite and not Know it?; Yah's Laws: Are They for Today; and Baptism by the Scriptures.

Prisoners retain those First Amendment rights that are consistent with their status as prisoners or with the legitimate penological objectives of the prison. Hudson v. Palmer, 468 U.S. 517, 523 (1984). A prison regulation may validly restrict, however, material advocating racial hatred on the basis that it causes a serious danger of violence. Chriceol v. Phillips, 169 F.3d 313, 316 (5th Cir. 1999). The RLUIPA declares that institutions receiving federal financial assistance may not "impose a substantial burden on the religious exercise" of an institutionalized person unless it is the "least restrictive means" of furthering "a compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

As Neal is no longer in the Denton County Jail, his claims for injunctive and declaratory relief are moot. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001). Neal's claims for monetary relief remain, however, and, on this record, it appears that the district court's dismissal of Neal's claims was premature because the court did not consider whether the prison had a regulation restricting Neal's access to all or some religious publications and whether the prison regulation, as applied to the particular publications sought by Neal, violated either Neal's constitutional rights and/or RLUIPA. See Thornburgh v. Abbott, 490 U.S. 401, 419 (1989) (affirming remand to district court for an examination of prison restrictions on inmates' receipt of publications as applied to specific publications).

Accordingly, the judgment is AFFIRMED in part and REVERSED in part, and this case is REMANDED for proceedings consistent with this opinion. Neal's motion to supplement the record with the above-noted publications is GRANTED.