**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20961
Conference Calendar

_____

WILLIAM COOPER; ET AL.,

                                        Plaintiffs,

WILLIAM COOPER,

                                        Plaintiff-Appellant,

versus

TOMMY THOMAS, Sheriff,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-136
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    William Cooper, Texas prisoner # 1180768, appeals the
district court's summary judgment in favor of Sheriff Tommy
Thomas of Harris County, dismissing Cooper's 42 U.S.C. § 1983
complaint.  Cooper argues that, contrary to the district court's
determination, he was exposed to asbestos in the county jail.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Because Cooper sued only Sheriff Thomas and did not allege that Sheriff Thomas was personally involved in his claims, Cooper was required to show that Sheriff Thomas "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). As the district court determined, Cooper failed to show that any policy implemented by the jail resulted in his exposure to asbestos in violation of the Fourteenth or Eighth Amendments. Although Cooper asserts that he was enrolled in an upholstery-repair class during his incarceration at the jail and that the class was conducted in the basement where high levels of asbestos were found, he did not make this factual assertion in the district court. He, thus, fails to demonstrate plain error. See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995). Cooper's request for a medical examination and chest x-ray became moot upon his transfer to the state penitentiary. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

Cooper has waived his inadequate-medical-care claim by failing to brief it on appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Based on the foregoing, the district court's judgment is AFFIRMED.