United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30025
Conference Calendar

_____

WILLIAM C. BROWN,

                                        Plaintiff-Appellant,

versus

CHARLES T. FELTS; U.S. DISTRICT COURT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CV-1149
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

     William C. Brown, federal prisoner #13351-179, proceeding
pro se and in forma pauperis (IFP), appeals the dismissal of his
Bivens** action as frivolous and for failure to state a claim
upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).
Brown alleged that his placement in the Special Housing Unit
("SHU") at the federal prison violated his due process rights and
his right to be free from cruel and unusual punishment.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

     ** Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics, 403 U.S. 388 (1971).

Brown does not address the district court's finding that his placement in the SHU did not violate his due process rights because he was placed in SHU pending reclassification. As Brown has failed to address this issue on appeal, it is abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). To the extent that Brown argues prison officials violated their own policies and procedures for placing him in administrative detention, he has not raised a constitutional issue. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). To the extent that Brown alleges that his placement in the SHU was cruel and unusual punishment because it aggravated his various physical and mental ailments, he has failed to allege that the named defendants knew of his various physical and mental ailments or that placing him in the SHU posed an excessive risk to his physical and mental health. See Farmer v. Brennan, 511 U.S. 825, 832, 837 (1994). Finally, Brown's complaint, which sought only his release from the SHU, was properly dismissed on the alternative ground that it was rendered moot by Brown's transfer to another prison. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

As this appeal lacks arguable merit, it is DISMISSED AS FRIVOLOUS. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Brown's motion for appointment of counsel is DENIED.

The district court's dismissal and the dismissal of Brown's appeal both count as strikes for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Brown is warned that, if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.