United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51044
Conference Calendar

_____

TRAVERS EARL CRUMPTON; ET AL.,

                                        Plaintiffs,

TRAVERS EARL CRUMPTON,

                                        Plaintiff-Appellant,

versus

CHRISTINA MELTON CRAIN, Chairperson of the Texas Board of
Criminal Justice; all present and future members of the Texas
Board of Criminal Justice; GARY L. JOHNSON, EXECUTIVE DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-739
---------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Travers Earl Crumpton, Texas inmate # 675506, appeals the

district court's dismissal as moot of his 42 U.S.C. § 1983

complaint challenging conditions of confinement at the Texas

Department of Criminal Justice (TDCJ) Segovia Unit and other TDCJ

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

facilities.  Crumpton argues that the district court should have certified the lawsuit as a class action.

The denial of Crumpton's motion for certification as a class action was within the discretion of the district court. See Pederson v. Louisiana State University, 213 F.3d 858, 866 (5th Cir. 2000).  As Crumpton is no longer incarcerated at the Segovia Unit or another allegedly inadequate TDCJ facility identified in his lawsuit, his claims are moot.  See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).  We do not address Crumpton's argument concerning monetary damages because Crumpton did not request monetary damages in the district court.  See Greenberg v. Crossroads Sys., Inc., 364 F.3d 657, 669 (5th Cir. 2004).

AFFIRMED.