# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-51086
Summary Calendar

WESLEY B MAYES

Plaintiff-Appellant

v.

TRAVIS STATE JAIL; NATHANIEL QUARTERMAN, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION; WILLIAM HENRY DRUMMOND; JOHN FLORES, Captain food
service supervisor, Travis State Jail; FRANK HOKE, Law Library, Texas
Department Criminal Justice; NATHAN WILCOX, Safety officer, Travis State
Jail; JACK R DAUGHERTY

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-709

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Wesley B. Mayes, Texas prisoner # 1274331, appeals the district court's
grant of summary judgment dismissing his 42 U.S.C. § 1983 action against the
individually named appellants wherein he raised claims concerning the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conditions of confinement at the jail. We review a district court's order granting a party's summary judgment motion de novo. Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008).

A prisoner seeking to recover damages on a conditions of confinement claim must establish a physical injury that is more than de minimis. See Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003). The record does not support Mayes's contention that the district court erred in concluding that his sinus condition was a de minimis injury. However, even assuming that Mayes established an injury that was more than merely de minimis, Mayes failed to show that the defendants acted with deliberate indifference to his health or safety. See Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001). Accordingly, the district court did not err in granting summary judgment on this claim.

Mayes failed to establish actual injury with respect to his claim of denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 349-52 (1996). Accordingly, the district court did not err by granting summary judgment on this claim. The district court also did not err by granting summary judgment on Mayes's retaliation claim. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Bibbs v. Early, __F.3d__, No. 07-10452, 2008 WL 3319732 at *2 (5th Cir. Aug. 12, 2008) (internal quotations and citation omitted). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Id.

We perceive no abuse of discretion in the district court's grant of the defendants' motion for a protective order and in the denial of Mayes's motion for the appointment of counsel. See Heitschmidt v. City of Houston, 161 F.3d 834, 840 (5th Cir. 1998); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Finally, we note that Mayes make no argument on appeal challenging the dismissal of his request for injunctive relief, the dismissal of the Travis State Jail pursuant to 28 U.S.C. § 1915(e), or the district court's determination that his single case of diarrhea was a de minimis injury. Accordingly, these claims do not survive the district court's judgment. See Mayfield v. Texas Dep't of Criminal Justice, 529 F.3d 599, 604 (5th Cir. 2008).

AFFIRMED.