**IN THE UNITED STATES COURT OF APPEALS**
 **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2010

Lyle W. Cayce
Clerk

No. 10-20139
Summary Calendar

TOMMIE L. MCCLYDE, JR.,

                            Plaintiff-Appellant

v.

DANNY JACKSON, Sheriff Deputy; JOE LARIVE, Sheriff; LARRY COOK,
Captain; CHAMBERS COUNTY SHERIFF'S OFFICE, County Jail; REGINA
WALKER, Medical Coordinator, Texas-certified Jailer of the Chambers County
Sheriff's Office; JUANELL GUIDRY, Grievance Officer, Texas-licensed Jailer of
the Chambers County Sheriff's Office,

                            Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-4244

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tommie L. McClyde, Jr., now Texas prisoner # 1510893, appeals the
district court's grant of summary judgment in favor of the defendants and the
dismissal of his 42 U.S.C. § 1983 complaint.  McClyde alleged in his complaint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that, while he was a pretrial detainee, Deputy Danny Jackson used excessive force against him and showed a deliberate indifference to McClyde's serious medical needs that arose from that use of force.  McClyde also alleged that Captain Larry Cook and Sheriff Joe LaRive failed to supervise Jackson and to initiate an internal affairs investigation and discipline Jackson.

The following facts are undisputed.  McClyde used profanity and provoked a verbal altercation with Jackson.  The two men bumped chests, and the other inmates in the immediate vicinity began to circle around Jackson and McClyde. Jackson attempted to physically subdue McClyde by bending him over a table, and McClyde resisted and struggled with Jackson.  Ultimately, Jackson punched McClyde in the nose and required assistance from another officer to subdue McClyde.  McClyde was moved to a holdover cell to diffuse the situation. McClyde sustained a bloody nose as a result of the incident, and he was not given medical attention during the few hours he was held in the holdover cell. Jackson also alleged that he sustained scarring on his shoulder and knee and an injury to his knee.

We review de novo the district court's grant of summary judgment. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).  Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (effective Dec. 1, 2010).  We view the evidence in the light most favorable to the non movant.  *Stewart*, 174 F.3d at 533.  The movant bears the burden of showing that there is no genuine issue of material fact; nevertheless, when faced with a properly supported motion for summary judgment, the nonmovant bears the burden of producing "evidence from which a jury might return a verdict in his favor" and, as such, may not rest solely upon his pleadings, "but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

The district court correctly dismissed McClyde's claims against LaRive and Cook for failure to supervise, investigate, and discipline as unexhausted. There is no dispute that only one formal grievance was filed with regard to this incident. In that grievance, McClyde complained only of Jackson's conduct and the fact that his nosebleed was not attended to. Nothing in that grievance, viewed in the light most favorable to McClyde, sufficed to alert prison officials to McClyde's complaints regarding those two men, and prison officials thus did not have a fair opportunity to address those complaints. As such, the claims were not exhausted. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004).

The core inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Considering the undisputed facts stated above, the district court did not err in determining that the summary judgment evidence showed that Jackson's actions were undertaken in an effort to maintain discipline and not for malicious or sadistic reasons. Deliberate indifference requires a showing that defendants (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) actually drew an inference that such potential for harm existed. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). The competent summary judgment evidence shows that Jackson was aware of McClyde's nosebleed but did not believe that it was a serious medical condition requiring immediate attention. McClyde's conclusional allegation that his medical needs should have been obvious to Jackson are insufficient to make the showing required to resist summary judgment on his deliberate indifference claim. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). The judgment of the district court is AFFIRMED.

The defendants have filed a motion to strike a portion of McClyde's reply brief that they contend relies on evidence not considered by the district court. They also seek leave to file a surreply to respond to arguments raised for the

No. 10-20139

first time in McClyde's reply brief. We do not consider new evidence or facts that were not before the district court at the time of the challenged ruling. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Additionally, we generally will not consider issues raised for the first time in a reply brief. *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010). Accordingly, the defendants' MOTIONS are DENIED AS UNNECESSARY.