# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 4, 2013

No. 12-51205
Summary Calendar

Lyle W. Cayce
Clerk

JASON HOFFMAN,

Plaintiff - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; LANA RHODES, Assistant
Regional Director, Texas Department of Criminal Justice - Parole Division; LISA
CANIZALEZ, Parole Officer, Texas Department of Criminal Justice - Parole
Division; INSTITUTION OF TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
INSTITUTION OF TEXAS DEPARTMENT OF CRIMINAL JUSTICE-PAROLE
DIVISION; EDWOOD PUTNAM, Supervisor; ROGER DOVALINA, Deputy
Chief; AMADEO ORTIZ, Chief, Bexar County Sheriffs Department;
INSTITUTION OF THE STATE OF TEXAS; INSTITUTION OF THE BEXAR
COUNTY ADULT DETENTION CENTER; INSTITUTION OF THE TEXAS
COMMISSION ON JAIL STANDARDS; INSTITUTION OF THE TEXAS
ATTORNEY GENERAL OFFICE; GREG ABBOTT, Attorney General of Texas;
ALLEN COOK, Assistant Attorney General; INSTITUTION OF THE BEXAR
COUNTY DISTRICT ATTORNEY'S OFFICE; SUSAN REED, Bexar County
District Attorney; FIRST CHAIR OF THE 379TH DISTRICT COURT, Bexar
County District Attorney; SECOND CHAIR OF THE 379TH DISTRICT COURT,
Bexar County District Attorney; THIRD CHAIR OF THE 379TH DISTRICT
COURT, Bexar County District Attorney; JUDGE RON RANGEL, 379th District
Court; CAPTAINFNUVALDEZ, Bexar County Sheriff; LIEUTENENT
FNUBALDEY, Bexar County Sheriff; SERGEANT FNUGONZALES, Bexar
County Sheriff; CORPORAL FNURIVERA, Bexar County Sheriff; CAPTAIN
FNULIEJA, Bexar County Sheriff; ARAMARK CORP; DARRELL WAGNER,
Aramark Manager; SHELDON COLTON, Aramark Director; INSPECTOR
GENERAL, Texas Department of Criminal Justice; EXECUTIVE DIRECTOR,
Texas Commission on Jail and Standards; PROGRAM, Program Specialist,
Texas Commission on Jail and Standards; INSTITUTION OF THE TEXAS
BOARD OF PARDONS & PAROLES; RISSIE OWENS, Presiding Officer of

No. 12-51205

Texas Board of Pardons and Paroles; JUANITA LNU, Hearing Officer of Texas Board of Pardons and Paroles; INSTITUTION OF THE COUNTY OF BEXAR, TEXAS; INSTITUTION OF THE BEXAR COUNTY COMMISSIONERS; CHIEF FNULONGORIA, Bexar County Sheriff; DEPUTY CHIEF FNUJORDAN, Bexar County Sheriff; TED WHITE; BEXAR COUNTY SHERIFF'S DEPARTMENT; SERGEANT FNU CASTELLANO; CORPORAL FNU FLORES;

Defendants - Appellees

_____

JASON HOFFMAN,

Plaintiff - Appellant

v.

STATE OF TEXAS; BEXAR COUNTY SHERIFFS DEPARTMENT; BEXAR COUNTY ADULT DETENTION CENTER; TEXAS COMMISSION ON JAIL STANDARDS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, PAROLE-DIVISION; OFFICE OF THE ATTORNEY GENERAL OF TEXAS; CHIEF AMADEO ORTIZ; DEPUTY CHIEF FNU DOVOLINA, Bexar County Sheriffs Department; CAPTAIN FNU VALDEZ, Bexar County Adult Detention Center; LIEUTENANT FNU BALDEY, Bexar County Adult Detention Center; SERGEANT FNU GONZALES, Bexar County Adult Detention Center, Grievance Section; SERGEANT FNU CASTELLANO, Bexar County Adult Detention Center, Grievance Section; CORPORAL FNU RIVERA, Bexar County Adult Detention Center, Grievance Section; CORPORAL FNU LIEJA, Bexar County Adult Detention Center, Grievance Section; CORPORAL FNU FLORES, Bexar County Adult Detention Center, Grievance Section; TED WHITE, Bexar County Adult Detention Center, Chaplain Services; DARREL WAGNER, Bexar County Adult Detention Center, Contractor; LANA RHODES, Assistant Regional Director for Texas Department of Criminal Justice, Parole-Division; MARK WILSON, Program Specialist for Texas Commission on Jail Standards; ATTORNEY GENERAL GREG ABBOTT, Attorney General for the State of Texas; EXECUTIVE DIRECTOR RICK THALER, Texas Department of Criminal Justice: EXECUTIVE DIRECTOR ADAN MUNOZ, Texas Commission of Jail Standards

Defendants - Appellees

_____

2

No. 12-51205

JASON HOFFMAN,

Plaintiff - Appellant

v.

STATE OF TEXAS; BEXAR COUNTY SHERIFFS DEPARTMENT; BEXAR COUNTY ADULT DETENTION CENTER; TEXAS COMMISSION ON JAIL STANDARDS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, PAROLE-DIVISION; TEXAS BOARD OF PARDON AND PAROLES; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSPECTOR GENERAL; CHIEF AMADEO ORTIZ, Bexar County Sheriffs Department; DEPUTY CHIEF FNU DOVOLINA, Bexar County Sheriffs Department; CAPTAIN FNU VALDEZ, Bexar County Adult Detention Center; LIEUTENANT FNU BALDEY, Bexar County Adult Detention Center; SERGEANT FNU GONZALES, Bexar County Adult Detention Center, Grievance Section; SERGEANT FNU CASTELLANO, Bexar County Adult Detention Center, Grievance Section; CORPORAL FNU FLORES, Bexar County Adult Detention Center, Grievance Section; CORPORAL FNU RIVERA, Bexar County Adult Detention Center, Grievance Section; CORPORAL FNU LIEJA, Bexar County Adult Detention Center, Grievance Section; RISSIE OWENS, Presiding Officer, Texas Board of Pardon and Paroles; EDWOOD PUTNAM, Texas Department of Criminal Justice, Parole-Division, Supervisor; LISA CANIZALES, Texas Department of Criminal Justice, Parole-Division; LANA RHODES, Assistant Regional Director, Texas Department of Criminal Justice, Parole-Division; MARK WILSON, Program Specialist, Texas Commission on Jail Standards; JUANITA GONZALES, Texas Board of Pardon and Paroles, Hearing Officer; EXECUTIVE DIRECTOR RICK THALER, Texas Department of Criminal Justice; EXECUTIVE DIRECTOR ADAN MUNOZ, JR., Texas Commission on Jail Standards; INSTITUTION OF THE ATTORNEY GENERALS OFFICE,

Defendants - Appellees

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-1083
USDC No. 5:12-CV-148
USDC No. 5:12-CV-149

———————————

No. 12-51205

Before JOLLY, SMITH, AND CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jason Hoffman, proceeding pro se, appeals the district court's dismissal of three consolidated 42 U.S.C. § 1983 complaints filed against numerous defendants, wherein Hoffman complained of the denial of due process in connection with a parole revocation proceeding, continued detention from the revocation proceeding, and various incidents that occurred while he was incarcerated at the Bexar County Adult Detention Center (BCADC). The district court dismissed certain claims for failure to state a claim and also granted a motion to dismiss claims on grounds of immunity as to the Bexar County Sheriff's Department, BCADC, Bexar County District Attorney's Office, Attorney General Greg Abbott, Assistant Attorney General Allen Cook, Susan Reed, Ashley Botard, Judge Ron Rangel, Aramark Corporation, Attorney General's Office, State of Texas, Texas Department of Criminal Justice, Texas Commission of Jail Standards, Lana Rhodes, Rick Thaler, Adan Munoz, and Mark Wilson. As to Hoffman's remaining claims, the district court sua sponte granted summary judgment.

We review de novo the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff fails to state a claim upon which relief can be granted when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We also review de novo a grant of summary judgment, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hoffman does not address the district court's dismissal of the claims against BCADC, the Bexar County Sheriff's Department, and the Bexar County District Attorney's Office based on a finding that these defendants lacked jural capacity and could not be sued. The district court dismissed Hoffman's claims seeking injunctive relief against the Sheriff or Bexar County as moot because he was released from custody, and Hoffman fails to address that ruling. Hoffman also does not brief the district court's dismissal of his claims that the BCADC staff interfered with his mail and that Sergeant Gonzales, Sergeant Castellano, Corporal Flores, Corporal Rivera, Corporal Lieja, Executive Director Adan Munoz, Jr., and Mark Wilson denied his grievances. Because Hoffman fails to raise any argument regarding the aforementioned issues, these claims are abandoned. *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court dismissed claims against several defendants based on a finding that the defendants were entitled to immunity. In his brief, Hoffman makes only conclusory assertions that the defendants were not entitled to immunity. Hoffman does not provide any analysis of the district court's findings regarding sovereign immunity, prosecutorial immunity, judicial immunity, and absolute immunity for parole officials. Accordingly, any challenge to the district court's dismissal of claims against defendants on immunity grounds is abandoned. *See Brinkmann*, 813 F.2d at 748.

Hoffman contends that the defendants deprived him of his right to receive a King James Bible, and in doing so, violated the Religious Land Use and Institutionalized Persons Act (RLUIPA). As Hoffman has been released from prison, his RLUIPA claims for declaratory and injunctive relief are moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Additionally, in *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329-31 (5th Cir. 2009), we held (1) that RLUIPA does not allow for individual capacity liability for damages and (2) that "[w]hether or not RLUIPA creates [an official capacity damages]

action, it is barred by Texas's sovereign immunity." 560 F.3d at 329. Accordingly, the district court did not err in dismissing Hoffman's RLUIPA claims.

In his brief, Hoffman argues that the defendants denied him access to communicate with his counsel. As in the district court, Hoffman's arguments are conclusory and fail to show that the district court erred in finding that he failed to state a claim for relief. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient to state a claim for relief under § 1983. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Regarding the district court's dismissal of his claims against Aramark Corporation and Sheldon Colton, Hoffman argues that these defendants were liable under § 1983 because they were not private actors. In conclusory fashion, he contends that these defendants were state actors for purposes of § 1983 because they performed a governmental function as a contractor. He did not identify a constitutional violation by Aramark or Colton. Thus, he did not state a constitutional claim for relief under § 1983. *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).

Finally, Hoffman moves to dismiss the letter brief submitted by Texas Attorney General Erica Hime because he states that he was not served with the revised version. However, the only difference between the original brief and the revised version was a certificate of interested persons that was included in the revised version. The letter brief contains a certificate of service indicating that Hoffman was served via United States mail. Appellees have indicated that a copy of the revised version was mailed to Hoffman on May 7, 2013. Accordingly, Hoffman fails to present a valid basis for dismissing the letter brief.

Accordingly, the judgment of the district court is AFFIRMED. Hoffman's motion to dismiss the letter brief filed by Texas Assistant Attorney General Erica Hime is DENIED.