# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2021

Lyle W. Cayce
Clerk

No. 20-20190
Summary Calendar

WILLIAM BOYD PIERCE,

*Plaintiff—Appellant*,

*versus*

BRYAN COLLIER, *Director, Texas Department of Criminal Justice, Huntsville, Texas*; TONY O'HARE, *Regional Director, Huntsville*; DAVID DICKERSON, *Warden, Estelle Unit*; TRACY HUTTO, *Assistant Warden, Estelle Unit*; MEDICAL DEPARTMENT, ESTELLE UNIT,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3194

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

William Boyd Pierce, Texas prisoner # 1208957, filed a pro se 42 U.S.C. § 1983 complaint, alleging that the defendants violated his civil

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20190

rights and seeking injunctive relief in the form of a transfer from the Estelle Unit. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and assessed a strike pursuant to § 1915(g). Pierce appeals the district court's dismissal.

During the pendency of Pierce's appeal, he was transferred from the Estelle Unit. Accordingly, we do not reach the merits of his claims because they have been mooted by his transfer. Pierce's appeal is thus DISMISSED as moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

The district court's dismissal of Pierce's complaint for failure to state a claim counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015). Pierce has previously accumulated one strike. *See Pierce v. Collier*, 843 F. App'x 619, 620 (5th Cir. 2021). Accordingly, Pierce is WARNED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).