# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 27, 2023

Lyle W. Cayce
Clerk

No. 21-40783

—————————

Lawrence Lee,

*Plaintiff—Appellant*,

*versus*

Lorie Davis; Pamela Pace; Unknown Party, *Head Warden, Coffield Unit*; John Doe, *University of Texas Medical Branch*; John Doe, *Northeast Texas Public Health District Regional Laboratory*; John Doe, *Texas Commission on Environmental Quality, Public Drinking Water*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:21-CV-147

———————————————————————

Before Haynes, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Lawrence Lee, Texas prisoner # 1641724, requests leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint for failure to state a claim. *See* 28 U.S.C. § 1915A(b). He alleged that he contracted an H. pylori bacterial

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-40783

infection after consuming bad-smelling, dark-colored drinking water in prison and that he experienced strong stomach pain due to the infection, which persisted after he received treatment.

To proceed IFP, Lee must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). We apply de novo review to dismissals for failure to state a claim pursuant to the Prison Litigation Reform Act. *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Even if Lee sufficiently alleged facts to show that contaminated water caused his infection, he failed to allege any facts to show that the defendants were subjectively aware of an excessive risk to inmate health or safety created by the water. *See Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). To the extent that Lee attempted to raise a claim of inadequate medical care, he alleged only that the provided medical treatment did not alleviate his symptoms, which was insufficient to state a denial-of-medical-care claim that was plausible on its face. *See In re Katrina Canal Breaches*, 495 F.3d at 205; *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

Because Lee has not demonstrated that his appeal involves "legal points arguable on their merits," his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted); *see Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

The district court's dismissal for failure to state a claim and our dismissal of this appeal as frivolous count as "strikes" under 28 U.S.C.

No. 21-40783

§ 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-39 (2015). Lee is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).