# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2023

Lyle W. Cayce
Clerk

No. 22-40255
Summary Calendar
_____

Anthony Prescott,

*Plaintiff—Appellant*,

*versus*

K. Johnson, *Kitchen Manager, Gurney Unit*; Tony A. Dean, *Officer, Coffield Unit*; Stuart Calhoun, *Warden, Gurney Unit*; Earnest Navarrete, *Assistant Warden, Coffield Unit*; Cabrea, *Sergeant, Gurney Unit*; Jane Doe; Donald Lee; Christal Meador; Funai, *formerly known as* Funais; Michael Britt; Steven Farris; Danny Jackson; Tony Dew; Lowrey R. Davis; Dennis Nash; Author Thomas; Gaye Karriker, *Law Librarian, Coffield Unit*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-577

_____

Before Smith, Southwick, and Graves, *Circuit Judges.*

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40255

Texas inmate Anthony Prescott appeals the dismissal, at the screening phase, of his 42 U.S.C. § 1983 civil action against various employees of the Texas Department of Criminal Justice. Prescott contends that the defendants violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Further, Prescott contends the defendants conspired to violate his civil rights under 42 U.S.C. §§ 1985 and 1986. Most of Prescott's claims stem from his allegation that the defendants were either complicit in, or deliberately indifferent to, the contamination or poisoning of his prison meals, which he asserts was in retaliation for his suing them under Section 1983. Prescott seeks official-capacity damages against the defendants, punitive damages in relation to his ADA claim, and injunctive relief.

The district court dismissed Prescott's claims as either frivolous or for failure to state a claim. *See* 28 U.S.C. §§ 1915A & 1915(e)(2)(B)(ii). The court concluded that the Eleventh Amendment barred Prescott's claim for official-capacity damages and that punitive damages were not available under Title II of the ADA. The district court also denied an injunction because Prescott did not prevail on the merits of his claims.

Prescott fails to show error under our *de novo* standard of review for a district court's dismissal of a complaint as frivolous or for failure to state a claim. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). He fails to address or identify error in many of the court's findings. Thus, it "is the same as if he had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Prescott's complaint otherwise contains insufficient factual matter, accepted as true, to state a plausible claim for relief or to draw a reasonable inference that the defendants are liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The district court properly dismissed the civil action.

No. 22-40255

Lastly, because Prescott has apparently been released from Texas state custody, his appeal of the denial of injunctive relief is moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

AFFIRMED.