IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

No. 06-11320
Summary Calendar

DANIEL C LERMA

Plaintiff-Appellant

v.

CARY J COOK, Assistant Warden; RENEE H HUERTA, Correctional Officer;
KELLI WARD, Administrative Assistant

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-210

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel C. Lerma, Texas prisoner # 882275, appeals from the district court's dismissal of his civil-rights lawsuit, filed pursuant to 42 U.S.C. § 1983, as frivolous. Lerma has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification that his appeal was not taken in good faith pursuant to Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lerma argued that: (1) the defendants violated the TDCJ rules, the Fourteenth Amendment, the Americans with Disabilities Act (ADA), and the Rehabilitation Act by failing to provide him with a counsel substitute during his disciplinary proceedings due to his mental disability; (2) the defendants violated his Eighth Amendment rights by subjecting him to the disciplinary process despite his mental disability; and (3) he was not provided due process at his disciplinary hearing. The defendants' alleged failure to follow TDCJ procedures and regulations is insufficient to establish a violation cognizable under § 1983. See Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000). Lerma's claims are not properly characterized as arising under the ADA or the Rehabilitation Act. See Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-210 (1998); 29 U.S.C. § 794(a). Lerma's punishment of 30 days of cell and commissary restriction do not implicate due process concerns. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Lerma has failed to allege a valid Eighth Amendment claim. See Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001). Moreover, because Lerma had no constitutional right to counsel in connection with his disciplinary proceedings, the defendants's failure to appoint a counsel substitute for him did not violate his constitutional rights. See Baxter v. Palmigiano, 425 U.S. 308, 315 (1976).

Lerma also argued that he should not have been subject to the disciplinary process because his alleged violation arose from his misunderstanding that he was not on cell restriction. Because Lerma's misunderstanding stemmed from another inmate, Lerma has failed to show that any of the defendants were personally involved in this claim. See Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). Moreover, regarding Lerma's claim that the denial of his prison administrative grievances violated his constitutional rights, Lerma does not have a liberty interest in having his prison administrative grievances resolved in a certain manner. See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

The district court's certification that Lerma's appeal is not taken in good faith is upheld, Lerma's motion for IFP on appeal is denied, and this appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Lerma is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Lerma also earned a strike in Lerma v. 64th Judicial Dist. Court, No. 2:07-CV-0107 (N.D. Tex. Aug. 3, 2007). As Lerma now has accumulated at least three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.