IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-60605
Summary Calendar

CHRISTOPHER D. SMITH, on behalf of himself, and on behalf of all of those
who may, in the future, be arrested by Lee County's Sheriff's Department or
the Tupelo Police Department, and all of those who may, in the future, be
detained in the "holding area,"

                                        Plaintiff-Appellant,

v.

CITY OF TUPELO, MISSISSIPPI; LEE COUNTY, MISSISSIPPI; LEE
COUNTY SHERIFF'S DEPARTMENT; JUSTICE COURT OF LEE
COUNTY, MISSISSIPPI,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:05-CV-266

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Christopher Smith appeals the district court's grant of
Defendant-Appellees' motions for summary judgment, and the subsequent
dismissal of his claims.  Finding no reversible error, we affirm.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.

On January 2, 2005, a City of Tupelo, Mississippi ("City") police officer arrested Smith on open container and crystal methamphetamine possession charges. After his arrest, Smith was taken to the Lee County-Tupelo Adult Jail, run by the Lee County Sheriff's Department, where he was booked and incarcerated. Smith alleges that the holding cell contained "twelve to thirty" other pretrial detainees. He further alleges that the holding cell was filthy, that human waste was present on the floors, that there was no shower, and that there were no beds. He contends that the conditions of the holding cell were so atrocious as to violate his right against cruel and unusual punishment.

Three days later, on January 5, 2005, Smith made an initial appearance in the Justice Court of Lee County where his bail was set at $5000. Smith did not post bail, he contends, because he was never informed of the procedures for doing so.

Upon his return to Lee County Jail, Smith was transferred to "C-pod." Smith asserts that there were too few cots in C-Pod to accommodate each inmate. As a result, Smith contends, on January 6, 2007, when he attempted to lie on one of the cots, another inmate claimed it as his own and punched Smith in the face, knocking him to the floor. The County asserts that the altercation arose when the plaintiff and another prisoner both tried to move from their assigned bunks to a bunk vacated by the release of a prisoner.

Following the assault, Smith was transported to the emergency room at North Mississippi Medical Center, where it was determined that Smith had sustained a broken jaw which would require surgery to repair. The surgery was scheduled for 10:00 a.m. the following morning, January 7th. While at the hospital, Smith received several medications to control his pain, and was given a prescription for pain medication upon leaving the hospital. Smith was discharged from the emergency room at approximately 5:50 p.m. on January 6th.

Smith was returned to the jail, where he contends he was forced to sleep on the floor and was denied his pain medication. The following morning, at approximately 8:30 in the morning, Smith was released from jail on his own recognizance. He did not return to the hospital for the surgery that was scheduled for that day. He did eventually have the surgery on January 13th.

On October 18, 2005, Smith filed this 42 U.S.C. § 1983 action against the City of Tupelo, Mississippi; Lee County, Mississippi; Lee County Sheriff's Department; and the Justice Court of Lee County, Mississippi. His complaint sought injunctive and declaratory relief against all Defendants, alleging that the bail procedures of the Lee County Justice Court and the conditions of confinement of the Lee County Jail violate the Fourteenth Amendment of the Constitution. He also sought to recover damages from Defendants Lee County and Lee County Sheriff's Department ("County Defendants"), alleging that the County Defendants violated his constitutional rights by (1) ignoring his medical needs by refusing to provide him with his pain medication and refusing to take him to his surgery and (2) by permitting known dangerous conditions to exist in Lee County Jail which proximately caused him to be assaulted. Smith also sought a declaration that the County Defendants and the City of Tupelo are obligated to pay his medical bills arising from the assault.

## II.

This court reviews de novo a district court's grant of summary judgment, applying the same legal standards as the district court. Allstate Ins. Co. v. Disability Servs. of the Sw. Inc., 400 F.3d 260, 262-63 (5th Cir. 2005). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when the record discloses that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## III.

A.    Smith's Claims for Declaratory and Injunctive Relief

Smith's complaint set forth the following claims for declaratory and injunctive relief.  First, he alleges that he was denied procedural due process when the Justice Court failed to explain the bail procedures.  He requests a declaration that such practice was unconstitutional and an injunction requiring Defendants to warn all arrested persons of the procedures available for obtaining bail.  Second, he alleges that confining pretrial detainees in the holding cell of the Lee County Jail, without showers or beds and in unsanitary conditions, violated his right to substantive due process.  He requests a declaration that such practice was unconstitutional and an injunction requiring Defendants to eliminate the allegedly unconstitutional conditions.

Both of these claims are now moot, and as such, the district court properly granted Defendants' motion for summary judgment.  In general a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (U.S. 1982).  A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility.  See, e.g., Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).  Any suggestion of relief based on the possibility of future detention in the Lee County Jail holding cell is too speculative to warrant relief.  Id.  Similarly, Smith's claims for declaratory and injunctive relief regarding the bail procedures must also be dismissed as moot.  Smith's claim to pretrial bail was moot once he was released on his own recognizance — nine months before he filed his complaint.  Further, there is no reason to believe that Smith will once again be in a position to demand bail before trial.  Murphy, 455 U.S. at 483.

Smith contends that his complaint requested damages stemming from these claims, and thus the district court's dismissal was in error.  This argument is without merit.  Smith's complaint precisely separates his claims for damages

from his claims for injunctive and declaratory relief. Under the heading titled "Plaintiff's Individual Claim for Damages," he lists only his claims for damages stemming from the Defendants' failure to provide him with adequate medical attention and the damages stemming from the assault. In contrast, the claims regarding the conditions of the holding cell and the bail procedures are listed under the heading "Injunctive Relief for Claims." Smith's complaint is clear — he simply did not request anything other than declaratory or injunctive relief for his conditions of confinement and bail procedures claims.

Thus, we conclude that Defendants are entitled to summary judgment on Smith's claims for injunctive and declaratory relief.

B.      Smith's Claim for Failure to Protect

Smith alleges that the overcrowded conditions in C-pod, combined with an undercurrent of discord between the black inmates and the smaller group of white inmates, were the proximate cause of his broken jaw.

The Constitution affords pretrial detainees "protection against injury at the hands of other inmates." Johnson v. Lucas, 786 F.2d 1254, 1259 (5th Cir. 1986). To establish his failure-to-protect claim, Smith must show that he was detained "under conditions posing a substantial risk of serious harm and that [the defendants] were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); see also Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000); Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996) (en banc). For an official to act with deliberate indifference, he "must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

We agree with the district court's conclusion that Smith failed to present any evidence that his injuries were caused by the complained of conditions and the County Defendants' deliberate indifference thereof. First, Smith did not

present any evidence that he complained to prison officials about threats to his safety stemming from the alleged racial tension. Second, Smith failed to bring forth any evidence to show that the conditions were so perilous and fraught with racial discord that Defendants' knowledge of the risk should be inferred. Johnson, 385 F.3d at 524. Rather, he admitted there were no fights in C-pod when he was housed there. Finally, Smith's own deposition testimony contradicts his claim that the assault was caused by the overcrowded conditions and racial tension. Despite the alleged overcrowding, Smith testified that he had been assigned a bunk upon his transfer to C-pod. However, the inmate bunking below Smith was released and Smith wanted to move to the lower bunk. Apparently, a black inmate had his eye on the same bunk, and claimed that it was his. Smith disputed this assertion, and the other inmate assaulted him. Therefore, as the district court properly concluded, the assault appears to have been an isolated incident, not born out of racial animosity or overcrowding, but rather was caused by a dispute between inmates over the recently vacated bunk.

Smith failed to demonstrate that Defendants knew of and disregarded an excessive risk to his health or safety. The district court's grant of summary judgment on these claims was proper.

C.    Plaintiff's Remaining Claims

In his complaint, Smith also sought damages stemming from the Defendants allegedly ignoring his medical needs and a declaration that the County Defendants and the City of Tupelo are obligated to pay his medical bills arising from the assault. The district court dismissed these claims, and in his briefs to this Court, Smith fails to adequately set forth argument regarding the district court's dismissal of these claims. Smith's briefs fail to discuss entirely his request for a declaration that the County Defendants and the City of Tupelo are obligated to pay his medical bills. Therefore, he is deemed to have abandoned this issue on appeal. See St. Paul Mercury Ins. Co. v. Williamson,

224 F.3d 425, 445 (5th Cir. 2000) (arguments not raised on appeal are deemed abandoned); In re Texas Mortg. Services Corp., 761 F.2d 1068, 1073 (5th Cir. 1985) ("[I]ssues not raised or argued in the brief of the appellant may be considered waived and thus will not be noticed or entertained by the court of appeals."). In a footnote in his reply brief, Smith briefly discusses his claim for denial or delay of adequate medical treatment. However, because he did not raise this claim in his opening brief, this claim is abandoned as well. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) (citations omitted).

IV.

For the reasons set forth above, the judgment of the District Court is AFFIRMED.