**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-31253
Summary Calendar

MELVIN TASSIN

Plaintiff-Appellant

v.

CORRECTIONAL CENTER LAFAYETTE PARISH; MICHAEL NEUSTROM;
JOHN DOE, Warden; KIM LEBLANC, Doctor

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CV-1041

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Melvin Tassin, Louisiana prisoner # 192651, appeals the dismissal of his 42 U.S.C. § 1983 civil rights suit as frivolous and for failure to state a claim upon which relief can be granted. Tassin alleges that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment by prescribing him unnecessary medication that caused him internal injuries and distress.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Because the district court dismissed Tassin's suit pursuant to both 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), review is *de novo*, *Geiger v. Jowers*, 404 F.3d 371, 373 (2005), using the same standard of review applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals, *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). When reviewing a dismissal for failure to state a claim, all well-pleaded facts are accepted as true and are viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"It is cruel and unusual punishment to hold convicted criminals in unsafe conditions." *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (internal quotation marks and citation omitted); *see Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). A plaintiff states a cause of action under the Eighth Amendment when he alleges that a defendant has, with deliberate indifference, exposed him to an unreasonable risk of serious damage to his future health. *Helling*, 509 U.S. at 35; *Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, defendants may not be held liable for their alleged negligent acts under § 1983. *Daniels v. Williams*, 474 U.S. 327, 329–30 (1986).

Tassin alleges only that the medication in question was unnecessary, that his outside doctor should have been consulted, that necessary medical tests were not performed, and that he suffered injuries caused by the defendants's negligence. These allegations, taken as true, do not state a plausible claim for deliberate indifference. *See Bell Atl.*, 550 U.S. at 570; *Burleson*, 393 F.3d at 589.

Tassin's appeal lacks any issue of arguable merit and is therefore dismissed as frivolous. *See* Fifth Cir. R. 42.2; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The district court's dismissal of his complaint and this court's

dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Tassin is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under immediate danger of serious physical injury. *See* § 1915(g).