# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2010

No. 08-60381
Summary Calendar

Charles R. Fulbruge III
Clerk

JOHN CLAYTON FIELD,

Plaintiff–Appellant,

v.

CORRECTIONS CORPORATION OF AMERICA INC; MISSISSIPPI DEPARTMENT OF CORRECTIONS; DIVISION DIRECTOR GARDNER CCA; COMMISSIONER C EPPS, MISSISSIPPI DEPARTMENT OF CORRECTIONS; ASSISTANT COMMISSIONER E SPARKMAN, MISSISSIPPI DEPARTMENT OF CORRECTIONS; ADMINISTRATOR OF ARP PROGRAM 6-SPANN MISSISSIPPI DEPARTMENT OF CORRECTIONS; LEGAL CLAIMS ADJUDICATOR L HARDY, MISSISSIPPI DEPARTMENT OF CORRECTIONS; CONTRACT MONITOR MALLETT MISSISSIPPI DEPARTMENT OF CORRECTIONS; HEPO WARDEN D WALLER CCP/WCCF; ASSISTANT WARDEN G WALKER, CCP/WCCF; CHIEF OF SECURITY V. VINES, CCP/WCCF; ASSISTANT CHIEF OF SECURITY PERRY, CCP/WCCF; UNIT MANAGER S JACKSON; JEWORSKI MALLETT,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-119

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

John Clayton Field, Mississippi prisoner #K2672, moves for leave to proceed in forma pauperis (IFP). The motion constitutes a challenge to the district court's certification that Field's appeal of the denial of his 42 U.S.C. § 1983 action concerning the conditions at Wilkinson County Correctional Center (Wilkinson) is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith is limited to whether the appeal involves any nonfrivolous issues. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Field has not shown that he will present a nonfrivolous issue on appeal concerning the denial of tinted glasses. Field has not named the particular defendants responsible for the alleged violation, and relief under § 1983 is not available under a respondeat superior theory. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). Further, Field has not alleged that prison officials knew that he faced a substantial risk of serious harm as a result of the denial of the tinted lenses and that the officials failed to take reasonable measures to abate such alleged risk. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Field contends that his constitutional rights were violated because he was exposed to environmental tobacco smoke (ETS) at Wilkinson. Field raised this claim for the first time in objections to the magistrate judge's report.[1] Even if we assume that the issue was properly before the district court, we conclude that Field has not made a showing that he was exposed to unreasonably high levels of ETS at Wilkinson or that the Wilkinson officials were deliberately indifferent to the harm of the ETS. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993). Because he has not shown that he suffered a physical injury due to exposure to

---

[1] Claims raised for the first time in objections to the magistrate judge's report are generally not considered on appeal. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). Given the length of time that had passed, the pendency of the motion for summary judgment, and Field's failure to show why he did not add this claim earlier, the implicit denial of leave to amend does not constitute an abuse of discretion. *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992).

2

ETS, Field may not recover damages. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001). Field is not entitled to injunctive relief because he has been transferred to Parchman, and he has not shown that he is currently being exposed to unreasonably high levels of ETS at Parchman or that Parchman officials acted with deliberate indifference to the alleged harm from the ETS. *See Helling*, 509 U.S. at 35; *Herman*, 238 F.3d at 665-66.

On his claims that he was housed with a prisoner who verbally and physically threatened him; that he was improperly housed with "C" custody disciplinary offenders who have threatened him; and that he was verbally and mentally abused by the staff and other offenders, Field cannot present a nonfrivolous issue on appeal. *See Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (verbal threats do not rise to the level of a constitutional violation). Field withdrew his claim concerning threats of "C" custody prisoners at the hearing. Field may not recover damages because he has not shown that he suffered a physical injury. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Field is not entitled to injunctive relief because he has been transferred to Parchman and is no longer in any danger of being housed with Offender Smith. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). Further, Field has not shown that he warned Parchman officials named as defendants that he was threatened and that they were deliberately indifferent to a need for protection. *See Farmer*, 511 U.S. at 837; *see also Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

With respect to his claim that he was denied recreation and exercise, Field has not made a showing that his allegations rise to the level of an Eighth Amendment violation. *See Wilkerson v. Maggio*, 703 F.2d 909, 911-12 (5th Cir. 1983). Field admitted that he did not suffer a physical injury; he cannot recover damages absent such injury. *See* 42 U.S.C. § 1997e(e); *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008). Field is not entitled to injunctive relief as he has been transferred to Parchman, and he has not shown that he was denied

recreation for an extended period of time or was harmed by the denial of recreation at Parchman. *See Hernandez*, 522 F.3d at 561. Field may not raise new factual allegations for the first time on appeal that Wilkinson prison officials denied recreational and exercise time from June 2005 to January 2007 and that he was completely denied any recreation at Parchman from July 2007 to June 2008. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Although Field contends that he suffered retaliation, he has not established the violation of a specific constitutional right; he has not shown that his right of access to the courts was violated as he has not shown that his position as a litigant was prejudiced. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Further, he has not alleged a chronology of events from which retaliation may be plausibly inferred. *See Woods*, 60 F.3d at 1166.

Field has abandoned his claim that prison officials violated his First Amendment rights by denying him a lighted chalice. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). If Field's claim concerning the denial of prayer beads was properly before the district court, we conclude that Field has not shown that he will raise a nonfrivolous First Amendment issue on appeal. Field does not explain the significance of the prayer beads, show that his sincerely held religious beliefs require the use of prayer beads, or show how he was harmed by the alleged denial of the prayer beads. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987); *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972).

Field listed additional issues that he raised in the district court and states that they remain applicable to his incarceration at Parchman. Because Field has not adequately briefed these issues, he has not made a showing of a nonfrivolous issue for appeal. *See Yohey*, 985 F.2d at 224-25.

Because Field has not shown that he will raise a nonfrivolous issue on appeal, his motion for leave to proceed IFP is denied. *See Baugh*, 117 F.3d at 202. Field's appeal is without arguable merit and is frivolous. *See Howard*, 707

F.2d at 219-20.  It is therefore DISMISSED.  5TH CIR. R. 42.2.  Field is advised that the dismissal of this appeal counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Field previously received two strikes under § 1915(g).  *See Field v. Kottemann*, No. 1:01-CV-492 (S.D. Miss. March 11, 2002), *aff'd*, *Field v. Kottemann*, No. 05-60061 (5th Cir. March 8, 2007) (unpublished).  Field is advised that he has now accumulated three strikes, and that he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.