# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 18, 2012

No. 12-30055
Summary Calendar

Lyle W. Cayce
Clerk

THEODORE J. LEE,

Plaintiff-Appellant

v.

RICHLAND PARISH DETENTION CENTER; ALAN CUPP; MICHAEL HUDSON; CAMILLA GRANT; MELISSA ATKINS; BARBARA DEAR; CASSANDRA FAY GRANT; RONDA BATES; CHARLES MCDONALD,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:11-CV-925

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Theodore J. Lee, now Louisiana prisoner # 25500, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief could be granted; Lee contends as he did in the district court, that, while he was a pretrial detainee at the Richland Parish Detention Center (RPDC), he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied adequate medical care in connection with the administration of his medicine and diet and that he was wrongly confined to administrative segregation in retaliation for filing prison grievances and the instant civil complaint.

We review de novo the district court's dismissal of Lee's action as frivolous and for failure to state a claim. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). To the extent Lee complains in his appellate brief of incidents that have transpired since the district court's judgment was entered, those claims are deemed raised for the first time on appeal and are not considered. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). In addition, Lee's request for injunctive relief in the district court is now moot because Lee is no longer housed in the RPDC. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Lee has not shown that the district court erred in dismissing his claim that the defendants were deliberately indifferent to his medical and dietary needs. He does not dispute the district court's finding that he was taken to the hospital five times during the time period in question and seen by at least six doctors who prescribed medications. Moreover, Lee has not shown that any of the defendants delayed or refused him medical treatment with subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). In view of the medical treatment and numerous prescription medications given to Lee, he has not shown that the defendants were deliberately indifferent to his serious medical needs. *See id.* at 643. His allegations of a few instances of delay or error in administering his medicine and in meeting his dietary needs establish, at most, a disagreement with his treatment, unsuccessful treatment, or negligent treatment, and do not amount to a constitutional violation. *See id.*; *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). As the grievances and civil action were frivolous, they may not comprise the basis of a retaliation claim. *See*

*Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997).  The district court's judgment is therefore affirmed.

The district court's dismissal of Lee's § 1983 complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).   Lee is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.