# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31129
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

JUSTIN L. MARINO,

Plaintiff-Appellant

v.

C. MAIORANA; FEDERAL BUREAU OF PRISONS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:15-CV-1805

Before REAVLEY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Justin L. Marino, federal prisoner # 55184-060, appeals the dismissal of his *Bivens*[1] action against Warden C. Maiorana of the Federal Correctional Institute in Oakdale, Louisiana (FCIO), and the federal Bureau of Prisons (BOP). According to Marino, Maiorana and the BOP violated his rights under the First Amendment by intercepting and/or confiscating a book, "The Basics

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

No. 16-31129

of Hacking and Penetration Testing, 2nd Edition: Ethical Hacking and Penetration Testing Made Easy," and other books on computer hacking which were sent to him by mail while he was incarcerated in FCIO.  We review de novo the district court's dismissal as frivolous and for failure to state a claim under 28 U.S.C. § 1915A.  *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

The district court properly concluded that a *Bivens* claim may not be brought against a federal agency such as the BOP.  *See FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994).  Additionally, the district court properly determined that Marino's request for injunctive relief is moot following his transfer to another BOP facility and receipt of the only book which he specifically named in his suit.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Turning to Marino's First Amendment claim, we consider four factors in assessing the reasonableness of the restriction on his constitutional rights: (1) whether there is a rational relationship between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether the inmate has an available alternative means of exercising the rights; (3) the impact of accommodation on other inmates, guards, and allocation of prison resources; and (4) the presence or absence of easy and obvious alternative means to accommodate the right.  *Turner v. Safley*, 482 U.S. 76, 89-91 (2005); *see also Prison Legal News v. Livingston*, 683 F.3d 201, 214 (5th Cir. 2012).

Marino does not contend that BOP Program Statement 5266.11 is unconstitutional, and such a contention would be unavailing in any event.  *See Thornburgh v. Abbott*, 490 U.S. 401, 415-16 (1989).  Instead, Marino argues that the prison officials applied the policy to him in a manner that violates his constitutional rights because he sought the books for the proper purpose of completing his degree in cybersecurity and computer programming, and

No. 16-31129

because the prisoner computers have no network connections.  Marino fails to overcome the deference accorded prison officials for institutional operations, given that hacking, or the unauthorized access of the coding or data on an electronic device, is neither limited to networked systems nor to desktop computers.  *See Turner*, 482 U.S. at 89; *United States v. McCraney*, 99 F. Supp. 3d 651, 656 (E.D. Tex. 2015).  The prison's rejection of publications teaching methods of hacking computer systems was rationally related to the legitimate penological interests of maintaining security and not facilitating criminal activity.  *See Abbott*, 490 U.S. at 414; *Prison Legal News*, 683 F.3d at 216.

As to the availability of alternative means to exercise his right to reading materials, we construe Marino's right "sensibly and expansively," *Abbott*, 490 U.S. at 417, and conclude that the availability of other reading materials, permissible under the prison policies, is sufficient to weight this factor in favor of the prison official.  *See Abbott*, 490 U.S. at 417-18; *Prison Legal News*, 683 F.3d at 218.  Moreover, guards and other prisoners stand to be negatively impacted through the "ripple effects" on information security and, potentially, facilitated criminal activities if the prison accedes to Marino's efforts to learn how to illegally access the coding and data in electronic devices.  *Abbott*, 490 U.S. at 418; *Turner*, 482 U.S. at 90.  Additionally, Marino proposes no obvious or easy alternative which would permit him access to such materials but still accommodate the prison's security concerns.  *See Turner*, 482 U.S at 90.  Based on the *Turner* factors, we conclude that the prison's interception of Marino's computer hacking manual was reasonably related to legitimate penological interests and Marino has shown no First Amendment violation.  *See Turner*, 482 U.S. at 89.  We likewise conclude that the disciplinary action which Marino seeks to have expunged served the legitimate penological objectives asserted by the Warden and represented no atypical hardship stating a constitutional

No. 16-31129

deprivation. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Morgan v. Quarterman*, 570 F.3d 663, 667 (5th Cir. 2009).

To the extent that Marino seeks to challenge actions of prison officials at the Federal Correctional Institute in Fort Dix, New Jersey, in intercepting similar materials, the officials are not named defendants in the instant matter, the BOP is not a proper party to this *Bivens* claim as noted above, and Marino makes these factual allegations for the first time on appeal. *See Meyer*, 510 U.S. at 484-85. Because these are not legal issues and failure to consider them results in no manifest injustice, they are not reviewable. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The judgment of the district court is AFFIRMED.