# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2019

Lyle W. Cayce
Clerk

JUSTIN JOHNSON,

> Plaintiff-Appellant

v.

BRAD LIVINGSTON; BRYAN COLLIER; REGIONAL DIRECTOR MATT GROSS; KEVIN WHEAT; BILLY REEVES; SHARON ALLEN; GREGORY VAUGHN; MOHAMED SARHANI; VANCE DRUM; LYLES CHAPLAIN; SHABAZZ CHAPLAIN; LARRY ROACH; JOHN STUBBLEFELD; ASHLEY WALKER; SALVADOR VILLANUEVA; M. BLALOCK,

> Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3040

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Justin Johnson, Texas prisoner # 615709, appeals the district court's partial grant of summary judgment and partial dismissal for lack of subject matter jurisdiction and for failure to state a claim of his civil rights complaint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20418

He contends that the district court erred in granting summary judgment to Texas Department of Criminal Justice (TDCJ) Regional Director Bryan Collier with respect to his official and individual capacity claims for injunctive relief relating to the TDCJ grooming policy pertaining to religious beards (religious beard policy).

We review de novo a district court's grant of summary judgment under Federal Rule of Civil Procedure 56. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). The summary judgment evidence demonstrates that the religious beard policy prohibiting Johnson from trimming his beard in accordance with his religious beliefs is no longer in effect, and Johnson has presented no evidence that the voluntary cessation of the challenged policy was a sham or mere litigation positioning. *See Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009). Johnson does not argue that the current policy violates his First Amendment or the Religious Land Use and Institutionalized Persons Act rights, and Johnson's assertion that the alleged violation is likely to recur is too speculative to avoid mooting his claims. The voluntary cessation of the challenged policy rendered Johnson's claims moot, and the district court did not err in granting summary judgment to Regional Director Collier. *See Hyatt*, 843 F.3d at 176; *Sossamon*, 560 F.3d at 325.

Next, Johnson challenges the district court's dismissal of his official and individual capacity claims for declaratory and injunctive relief relating to the display of non-Islamic religious symbols in the Eastham Unit worship center during Islamic services based on mootness. A dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is reviewed de novo. *Raj v. La. State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013). After Johnson filed his complaint, he was transferred from the Eastham Unit to the Stringfellow Unit. Johnson's transfer mooted his claims for declaratory and

injunctive relief. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). In addition, the possibility of a transfer back to the Eastham Unit is too speculative to warrant relief. *See id.* at 665. To the extent Johnson maintains that there are non-Islamic religious symbols on display in the Stringfellow Unit worship center, that issue is not before us. The district court did not err in dismissing Johnson's claims involving the display of non-Islamic religious symbols in the Eastham Unit's worship center as moot. *See Raj*, 714 F.3d at 327; *Herman*, 238 F.3d at 665.

Last, Johnson asserts that the district court abused its discretion in denying his motions for the appointment of counsel. Johnson has failed to demonstrate the exceptional circumstances necessary to justify the appointment of counsel. *See Naranjo v. Thompson*, 809 F.3d 793, 799, 801 (5th Cir. 2015). The district court's denial of his motions for the appointment of counsel was not an abuse of discretion. *See id.* at 799.

Johnson does not meaningfully brief: (1) the dismissal of his religious beard policy claims for injunctive and declaratory relief with respect to all the defendants except Regional Director Collier in their official and individual capacities; (2) the dismissal of his religious beard policy claims for declaratory relief with respect Regional Director Collier in his official and individual capacities; (3) the dismissal of his claims for monetary damages against the defendants in their official and individual capacities relating to the religious beard policy and the display of non-Islamic religious symbols in the Eastham Unit's worship center; (4) the dismissal of his disciplinary proceeding claims; and (5) the dismissal of his equal protection claims. While Johnson does argue that he was entitled to nominal and punitive damages from the defendants, he does not meaningfully address the district court's determination that the defendants were entitled to qualified immunity on his claims for monetary

damages.  Accordingly, Johnson has abandoned any challenge to the district court's dismissal of these claims on appeal.  *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

**AFFIRMED**.